UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHELE TAYLOR,

      Plaintiff,

v.

                                        Case No. 3:25-cv-255-TJC-PDB

UNITED STATES POSTAL SERVICE,

      Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

The United States of America, on behalf of the United States Postal Service ("USPS"), moves to dismiss Plaintiff's Complaint for Damages Under the Federal Tort Claims Act ("Complaint"), pursuant to Rule 12(b)(1), Fed. R. Civ. P., for lack of subject matter jurisdiction on the grounds that this action is barred by sovereign immunity.

**INTRODUCTION**

Plaintiff, Michele Taylor, filed this action, naming the USPS as the sole defendant under the Federal Tort Claims Act (FTCA). Doc. 1. Plaintiff alleges that, on August 21, 2024, she mailed a certified mail package from the United Sates post office located at 1001 Mayport Road, Atlantic Beach, FL 32233 to First Coast Association Management. Plaintiff asserts that the package was delivered to its intended destination, subsequently refused, and then placed back into the mail processing system. Plaintiff alleges that the package was returned to her residence in

Yulee, Florida on September 19, 2024, in an opened and damaged condition. Plaintiff seeks to recover in excess of $100,000 in damages for emotional distress, loss of property, and financial loss.

Pursuant to Rule 12(b)(1), Fed. R. Civ. P., the United States moves to dismiss this action for lack of subject matter jurisdiction because sovereign immunity bars any for claims arising out of the negligent transmission of mail or packages.

## MEMORANDUM OF LAW

Sovereign immunity is jurisdictional in nature because the terms of the sovereign's consent to be sued in any court define that court's jurisdiction to entertain the suit. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Mitchell*, 463 U.S. 206, 212 (1983) (holding that "it is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction"). Because sovereign immunity bars this action, the United States moves to dismiss this action for lack of jurisdiction because Plaintiff cannot maintain an action under the FTCA based on the negligent transmission of mail.

The United States is clothed with sovereign immunity and cannot be sued in any court, state or federal, unless sovereign immunity has been specifically waived. The FTCA is a limited waiver of the United States' sovereign immunity and allows suits against the United States for money damages for personal injury, death and/or property damage caused by the negligent or wrongful act or omission of a federal employee. *See* 28 U.S.C. §§ 2670-2680. Because sovereign immunity can only be waived by the sovereign, the circumstances of its waiver "must be scrupulously

observed, and not expanded by the courts." *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994). *See also DOE v. Ohio*, 503 U.S. 607, 615 (1992).

The United States, as sovereign, "is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Absent a waiver, sovereign immunity shields the federal government and its agencies from suit. *Loeffler v. Frank*, 486 U.S. 549, 554 (1988); *Federal Housing Administration v. Burr*, 309 U.S. 242, 244 (1940). A waiver of sovereign immunity cannot be implied and must be unequivocally expressed. *United States v. Nordic, Inc. Village*, 503 U.S. 30, 33-34 (1992). Hence, limitations and conditions upon which the government consents to be sued must be strictly observed and exceptions thereto are not to be implied. *Lehman v. Nakshian*, 453 U.S. 156, 160-1 (1981).

Under the FTCA, Congress has waived the federal government's sovereign immunity in limited circumstances for claims for money damages against the United States "for injury or loss of property." *See* 28 U.S.C. §§ 1346(b)(1), 2679(b)(1). *See also Muñiz-Rivera v. United States,* 326 F. 3d 8, 12 (1st Cir. 2003) (concluding the FTCA is "a limited waiver of the federal government's sovereign immunity.") Further, any remedy against the United States for the injury or loss of property is the exclusive remedy available. *See* 28 U.S.C. § 2679.

However, under the FTCA, the United States specifically retains its sovereign immunity with respect to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 28 U.S.C. 2680(b).

3

*See also Dolan v. U.S. Postal Service*, 546 U.S. 481, 489 (2006). It is well-established that § 2680(b) precludes a tort action in any court, state or federal, against the United States based upon damage to mail. *See Anderson v. USPS,* 761 F.2d 527, 528 (9th Cir. 1985) (affirming dismissal and holding that plaintiff's tort claim against the USPS for loss of mail was barred by sovereign immunity); *Ins. Co. of N. America v. USPS*, 675 F.2d 756, 759 (5th Cir. 1982) (affirming dismissal and holding that the insured's tort claim was barred because the United States retained sovereign immunity under the FTCA with respect to claims of negligent handling of the mail); *Pruitt v. USPS*, 817 F. Supp 807, 808 (E.D. Mo. 1993) (dismissing claim because USPS was not subject to suit for the "loss, miscarriage or negligent transmission of letters or postal matter" under the FTCA); *Kissell v. Mann*, 750 F. Supp. 55, 56-57 (D.N.H. 1990) (dismissing claim for negligent transmission of mail because tort action was barred by 28 U.S.C. § 2680(b).)

Further, "[t]he United States, and not the agency itself, is the [only] proper defendant in an FTCA action." *Farmer v. La. Elec. & Fin. Crimes Task Force*, 553 F. App'x. 386, 388-89 (5th Cir. 2014). Thus, Plaintiff failed to name the only proper defendant in a FTCA action: the United States. *See Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988).

Hence, because the FTCA bars this action, this Court lacks jurisdiction to entertain Plaintiff action for damages arising from the injury or damage to her package. Accordingly, Plaintiff's claim must be dismissed with prejudice.

## CONCLUSION

Based on the foregoing arguments and citations of authority, the United States of America, on behalf of the USPS, respectfully requests that the instant action be dismissed with prejudice for the lack of subject-matter jurisdiction

Dated: May 9, 2025　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　GREGORY W. KEHOE
　　　　　　　　　　　　　　　　　　　　Acting United States Attorney

　　　　　　　　　　　　　　　　　　　　*/s/ Ronnie S. Carter　　　　　/*
　　　　　　　　　　　　　　　　　　　　RONNIE S. CARTER
　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　　Florida Bar No. 0948667
　　　　　　　　　　　　　　　　　　　　300 North Hogan Street, Suite 700
　　　　　　　　　　　　　　　　　　　　Jacksonville, FL 32202-4270
　　　　　　　　　　　　　　　　　　　　Telephone No. (904) 301-6324/6300
　　　　　　　　　　　　　　　　　　　　Facsimile No. (904) 301-6240
　　　　　　　　　　　　　　　　　　　　Email: Ronnie.Carter@usdoj.gov
　　　　　　　　　　　　　　　　　　　　*Attorneys for United States*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on May 9, 2025, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system. I further certify that, upon filing, I will place, as expeditiously as possible, a copy of the foregoing document in first-class mail to the following non-CM/ECF participant listed below:

　　　　　　　　Michele Taylor
　　　　　　　　77317 Cobblestone Drive
　　　　　　　　Yulee, FL 32097
　　　　　　　　　　*Pro se Plaintiff*

　　　　　　　　　　　　　　　　　　　　*/s/Ronnie S. Carter*
　　　　　　　　　　　　　　　　　　　　RONNIE S. CARTER
　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney