UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHELE TAYLOR,

    Plaintiff,

v.

                          Case No. 3:25-cv-255-TJC-PDB

UNITED STATES POSTAL SERVICE,

    Defendant.
_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S FILING OF INTERROGATORIES, MOTION TO COMPEL ATTORNEYCOMPLIANCE AND MOTIONS TO STRIKE

The United States of America, on behalf of the United States Postal Service ("USPS"), files this omnibus response to the following filings by Plaintiff: 1) Interrogatories to the United States Postal Service Regarding Mishandling of Certified Mail (Doc. 9); 2) Plaintiff's Motion to Compel Attorney Compliance With Licensing, Standing, Fara, Florida Attorney Act and Sworn Affidavits Requirements (Doc. 12); and 3) Plaintiff's Motion to Strike Defendant's Motion to Dismiss for Lack of Legal Standing, Constitutional Noncompliance, and Fraud Upon the Court (Doc. 13); Because Plaintiff's various filings lack merit, the Court should deny the relief sought.

## MEMORANDUM

Plaintiff has made several filings in response to the motion to dismiss filed on May 9, 2025 (Doc. 8), asserting that her claim is barred by sovereign immunity.

Docs. 9, 12, and 13. However, each of Plaintiff's requests should be denied as lacking merit.

    1.    Plaintiff's Interrogatories to the United States Postal Service Regarding Mishandling of Certified Mail Should Not Have Been Filed.

Plaintiff filed interrogatories to the USPS. Doc. 9. However, in the Civil Discovery Handbook, the Court disfavors the filing of discovery as a matter of course. *See* Middle District Discovery (2021) at § I.C.1 (General Rule Governing Filing of Discovery Materials) at p. 3 (stating "Copies of written interrogatories…shall not be filed with the Court as a matter of course"). Further, the Court did not order the filing of such discovery, and the filing of this discovery was not "necessary to the presentation and consideration of [any pending] motion." *Id*. Thus, Plaintiff's discovery should not have been filed on the docket.

    2.    Court Should Deny Motion to Compel Attorney Compliance and Sworn Affidavit Requirements Because Such Are Not Applicable.

Plaintiff seeks to compel the undersigned to comply with licensing, standing, FARA, Florida Attorney Act and the filing of a sworn affidavit. Doc. 12. Because none of these provisions are applicable, the Court should deny Plaintiff's motion to compel.

In Plaintiff's motion to compel, she challenges the undersigned's appearance and ability to represent the United States of America and its agencies, including the United States Postal Service, in the absence of a notarized, sworn affidavit of legal authority. Doc. 12 at p. 2. She further asserts that the undersigned must offer proof of compliance with the Florida Attorney Act to demonstrate the possession of a

license to practice law issued by the Florida Supreme Court. *Id*. She also contends that the undersigned is required to register with the Department of Justice pursuant to the Foreign Agents Registration Act (FARA). *Id.* Last, Plaintiff contends that the undersigned has not presented any sworn declaration or proof demonstrating that the undersign has the authority to represent the USPS or an oath of office to substantiate the undersigned's appearance in this action.

The admission to practice before the Middle District of Florida is governed by Local Rule 2.01. The undersigned has been admitted to practice before the Middle District of Florida for over thirty years. Membership in the Middle District bar also requires active membership in good standing with The Florida. The undersigned also has electronic filing privileges with this Court.

Further, the Attorney General for the United States appointed the undersigned to the position of Assistant United States Attorney for the Middle District of Florida, which appointment authorizes and empowers the undersigned to execute and fulfill the duties of this office according to the United States Constitution and the laws of the United States during the pleasure of the Attorney General. A judicial official of this Court administered the oath of office to the undersigned for the position of Assistant United States Attorney. Also, the United States Attorney's Office, Middle District of Florida is a component of the United States Department of Justice, which is a federal agency of the United States. Pursuant to Local Rule 2.01, a "lawyer employed by the United States" is neither required to be a member of the Middle District bar nor apply for special admission.

In addition, the United States of America is unique in that Congress vested full power over all litigation in the Attorney General of the United States. *See United States v. Walcott*, 972 F.2d 323, 326-27 (11th Cir. 1992)(noting that, pursuant to 28 U.S.C. §§ 516 and 519, the Attorney General "is vested with plenary power over all litigation to which the United States or one of its agencies is a party.")(citations omitted). Pursuant to 28 U.S.C. §§ 516 and 519, matters in litigation involving the United States of America, an agency, or officer thereof are within the exclusive authority of the Attorney General, unless Congress authorizes otherwise. *United States v. Santee Sioux Tribe of Neb.*, 135 F.3d 558, 562 (8th Cir. 1998) (stating "Attorney General has exclusive authority and plenary power to control the conduct of litigation in which the United States is involved, unless Congress specifically authorizes an agency to proceed without the supervision of the Attorney General.") (*quoting United States v. Hercules, Inc.*, 961 F.2d 796, 798 (8th Cir. 1992)).

Pursuant to the Federal Housekeeping Statute, 5 U.S.C. § 301, the Attorney General promulgated regulations that delegate the authority to handle civil litigation on behalf of the United States to the Assistant Attorney General for the Civil Division, and the AAG for the Civil Division has redelegated such authority, in many instances, to the United States Attorneys. *See* 28 C.F.R. Part 0, Subpart Y § 0.168 (Redelegation by Assistant Attorneys General). In the Middle District of Florida, the United States Attorney has delegated the authority litigate claims brought against the United States, and its agencies, to each assistant United States attorney.

Here, the undersigned, as an Assistant United States Attorney, is representing the interests of the United States—which is the only proper defendant in an action filed pursuant to the Federal Tort Claims Act—on behalf of the improperly named United States Postal Service. Thus, the undersigned has the authority vested by the Attorney General to litigate this civil action.

3. Plaintiff's Motion to Strike the Motion to Dismiss for Lack of Legal Standing Should be Denied.

Plaintiff also seeks to strike the motion to dismiss this action, asserting that the motion fails to meet the minimum legal standards for a valid appearance or representation, is not supported by any sworn affidavit, fails to present evidence required under Rule 11(b), Fed. R. Civ. P., and "constitutes a fraud upon the court by omitting known material facts, including a USPS supervisor's direct acknowledgement of agency failure in this matter." Doc. 13 at pp. 1-2. This motion to strike should be denied for lack of merit.

In the immediately preceding section, the undersigned has addressed the authority vested by the Attorney General to litigate the United States' interest in this action on behalf of the USPS. While Plaintiff asserts that omitting known facts, *i.e.*, the USPS's acknowledgement of its failures in this action, constitutes fraud, nothing of the sort has occurred.

Here, the United States has not filed a *responsive pleading* to the complaint. *See* Rule 12(b), Fed. R. Civ. P. Even if a responsive pleading had been filed, a party has

the ability to deny any fact and require strict proof of such.  However, no responsive pleading has been filed to the operative complaint in this case.

    Further, the factual allegations in the complaint are not relevant to the pending motion to dismiss.  A party may raise certain defenses in a motion to dismiss in lieu of filing a responsive pleading.  *See* Rule 12(b)(1)-(7), Fed. R. Civ. P.  Here, the United States has moved to dismiss this action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Fed. R. Civ. P.  An attack of a court's subject matter jurisdiction, *i.e.*, the ability of the court to entertain the action, comes in two forms: a facial or factual attack. *See  Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990).  Here, the United States' motion to dismiss raises a facial attack on the Court's subject matter jurisdiction.

    In a facial attack on the court's subject matter jurisdiction, the district court "must consider the well-pleaded [factual] allegations in the plaintiff's complaint as true." *Mulhall v. UNITE HERE Local 355*, 618 F.3d 1279, 1286 n. 8 (11th Cir. 2010) (cleaned up). Hence, when making a facial attack on the court's subject matter jurisdiction, the issue of omitting or denying well-pleaded factual allegations does not come into play because such well-pleaded factual allegations are accepted as true by the court.  Because the Court accepts Plaintiff's well-pleaded factual allegations as true, the undersigned has not committed fraud on the Court by omitting any "known material facts, including a USPS supervisor's direct acknowledgement of agency failure in this matter."

6

## CONCLUSION

Based upon the foregoing arguments and citations of authority, the United States respectfully requests that Plaintiff's motions be denied.

Dated: May 28, 2025

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

*/s/ Ronnie S. Carter*
RONNIE S. CARTER
Assistant United States Attorney
Florida Bar No. 0948667
300 North Hogan Street, Suite 700
Jacksonville, FL 32202-4270
Telephone No. (904) 301-6322/6300
Facsimile No. (904) 301-6240
Email: Ronnie.Carter@usdoj.gov
*Attorneys for United States of America/*
*United States Postal Service*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on May 28, 2025, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system. I further certify that, upon filing, I will place, as expeditiously as possible, a copy of the foregoing document in first-class mail to the following non-CM/ECF participant listed below:

Michele Taylor
77317 Cobblestone Drive
Yulee, FL 32097
*Pro se Plaintiff*

*/s/Ronnie S. Carter*
RONNIE S. CARTER
Assistant United States Attorney