# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

MICHELE TAYLOR,           Case No.: 3:25-cv-00255-TJC-PDB
  Pro Se Plaintiff,

v.

UNITED STATES
POSTAL SERVICE,
  Defendant.
_____/

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO ADD JOHN DOE USPS EMPLOYEE AND OBJECTION TO DEFENDANT'S OPPOSITION

**COMES NOW** Plaintiff, **Michele Taylor,** appearing **Pro Se** and as a **Crime Victim,** and hereby replies in support of her **Motion to Add a John Doe USPS Employee,** respectfully **objecting to the Defendant's opposition,** and states:

### I. INTRODUCTION

Plaintiff's request to add a **John Doe USPS employee** is not an attempt to sidestep sovereign immunity, but to identify the individual postal worker responsible for the **mishandling and return of certified legal documents,** in violation of internal USPS protocols. **AUSA Carter** now seeks to prevent Plaintiff from even naming the actor responsible — while simultaneously refusing to disclose the person's identity or produce the records.

## II. LEGAL BASIS FOR ADDING JOHN DOE IN FTCA & FEDERAL CLAIMS

While the **FTCA** requires the United States to be the named defendant for tort claims, it does **not bar the use of John Doe defendants** where the plaintiff cannot identify the federal employee responsible at the time of filing. Courts have routinely permitted **placeholder names** in civil actions where discovery is necessary to ascertain proper parties. See:

- ***Bivens v. Six Unknown Named Agents,*** 403 U.S. 388 (1971)
- ***Gillespie v. Civiletti,*** 629 F.2d 637 (9th Cir. 1980) – "Where identity is unknown, courts should allow discovery to determine proper defendants."

Moreover, Plaintiff's intent is not to litigate directly against the employee in an individual capacity but to preserve identification and enable **substitution or amendment** as needed.

## III. USPS VIOLATED INTERNAL PROCEDURES AND OBSTRUCTED DISCOVERY

Plaintiff's certified mail was mishandled and returned after inexplicable routing through **Tampa, Gainesville, and Jacksonville** instead of its intended path from **Nassau to Duval County.** The envelope was visibly **damaged and opened from the bottom,** without any USPS tamper notification or damage notice or sealing applied, in violation of standard mail-handling procedures" and the **USPS policy** and **mail security protocols.**

Despite Plaintiff making an **in-person complaint directly to Supervisor Angel Williams** at the local USPS office, Defendant has failed to identify **who handled, scanned, rerouted, or returned** the certified envelope. **Supervisor Williams** acknowledged the complaint, confirmed that the responsible employee would receive retraining, and followed up by email. Plaintiff responded by requesting to be notified once retraining was complete, but **received no further communication.** Now, **AUSA Carter** seeks to block the addition of a **John Doe** — the very step that would allow Plaintiff to identify the person involved and secure accountability through discovery.

## IV. PRO SE STATUS AND CIVIL RIGHTS VIOLATIONS UNDER §§ 1983 & 1985

As a **Pro Se litigant with physical disabilities,** Plaintiff is entitled to reasonable access to discovery to litigate her case. Blocking her from naming the individual who violated USPS policy is a denial of **procedural fairness.**

Such obstruction, when carried out by a federal official acting under color of law, violates **Plaintiff's constitutional rights under 42 U.S.C. § 1983,** and the coordinated effort to suppress and misdirect her case supports a claim of civil conspiracy under **42 U.S.C. § 1985.**

Plaintiff is not attempting to litigate directly against the employee outside of FTCA channels — she is simply asking the Court to

preserve the right to identify and understand **who caused the harm** that gave rise to this action.

## V. CONCLUSION

Courts have routinely allowed **placeholder defendants** in early pleadings, especially where discovery has been denied. Defendant's opposition is procedurally aggressive and lacks any valid basis to bar identification of the person responsible for interfering with certified legal mail.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court:

1. **Grant Plaintiff's Motion to Add "John Doe" USPS Employee**, as a placeholder name for the postal employee who handled or mishandled Plaintiff's certified mailing;
2. Allow limited discovery or amendment once the individual is identified through deposition or document requests;
3. Deny Defendant's Opposition in its entirety;
4. And for such other and further relief as the Court deems just and proper.

**Respectfully submitted,**

**Date: June 16, 2025**

By: /s/ Michele Taylor
**/s/ Michele Taylor**
Michele Taylor
*Pro Se Plaintiff / Crime Victim*
77317 Cobblestone Drive
Yulee, Florida 32097
Phone: (904) 536-6119
**Email: m69way@aol.com**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **16th day** of **June, 2025,** a true and correct copy of the foregoing **Reply in Support of Motion to Add John Doe USPS Employee and Objection to Defendant's Opposition** was served via **FedEx Mail** and/or the **Court's CM/ECF system** to:

Ronnie S. Carter, Esq.
Assistant United States Attorney
**United States Attorney's Office**
300 North Hogan Street, Suite 700
Jacksonville, Florida 32202
**Email: Ronnie.Carter@usdoj.gov**

By: /s/ Michele Taylor
**/s/ Michele Taylor**
Michele Taylor
*Pro Se Plaintiff / Crime Victim*
77317 Cobblestone Drive
Yulee, Florida 32097
Phone: (904) 536-6119
**Email: m69way@aol.com**