# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

MICHELE TAYLOR,           Case No.: 3:25-cv-00255-TJC-PDB
  Pro Se Plaintiff,

v.

UNITED STATES
POSTAL SERVICE,
  Defendant.
_____/

## PLAINTIFF'S MOTION TO DISQUALIFY ATTORNEY AUSA RONNIE S. CARTER FOR UNAUTHORIZED PRACTICE OF LAW, FAILURE TO REGISTER AS A FOREIGN AGENT, AND LACK OF JURISDICTION

**COMES NOW,** Plaintiff **Michele Taylor,** appearing **Pro Se,** as a **Crime Victim,** and appearing specially, and respectfully moves this **Honorable Court to disqualify Assistant U.S. Attorney Ronnie S. Carter from this action with prejudice pursuant to Florida Statutes § 454.23, 22 U.S.C. §§ 611(b) and 611(c)(1)(iv), 42 U.S.C. §§ 1983 and 1985, and Rule 11(b) of the Federal Rules of Civil Procedure,** and states the following in support:

## I. STATEMENT OF FACTS

1. Plaintiff is a **Pro Se litigant**, a **U.S. Navy veteran**, and a **crime victim** with documented physical disabilities. Plaintiff has filed this action under the **Federal Tort Claims Act (FTCA)** and has raised claims implicating civil rights, mail obstruction, and improper conduct by federal employees.
2. Defendant's counsel, **AUSA Ronnie S. Carter,** has continued to file pleadings and participate in proceedings without producing a sworn **Oath of Office, proof of Florida Supreme Court licensure,** or **registration as a foreign agent** under **FARA,** despite multiple requests.
3. Upon information and belief, Defendant is acting as a foreign principal under **22 U.S.C. § 611,** and its representation is governed by **FARA's disclosure** and **registration requirements.** Defendant's attorney has failed to comply, thereby rendering his appearance unauthorized and **jurisdictionally defective.**
4. Plaintiff has reviewed **PACER,** court filings, and all records to date and has found no evidence that **AUSA Carter has complied with 22 U.S.C. § 611 et seq., nor filed any FARA registration as required to represent an entity acting as or on behalf of a foreign principal.**

---

## II. GROUNDS FOR RELIEF

### 1. A FARA Compliance Required Under 22 U.S.C. § 611

The Foreign Agents Registration Act (FARA) requires that any person acting on behalf of a foreign principal, directly or indirectly,

must register with the **Department of Justice.** See **22 U.S.C. § 611. AUSA Ronnie S. Carter** appears in this matter on behalf of a federal agency and potentially under FARA classification as a foreign principal as defined under 22 U.S.C. § 611(b) without filing or presenting a **FARA Disclosure Statement,** thus calling into question the **jurisdictional validity of his appearance.**

**Failure to comply** with **FARA** renders the appearance unauthorized and violates **federal law.** The omission of such registration deprives the Court of subject matter jurisdiction, and any filings made under such defect are **void ab initio.**

**2. Absence of Sworn Oath of Office and Licensure**

Plaintiff has repeatedly requested that Defendant's counsel provide:

- A valid Oath of Office
- Florida Supreme Court-issued attorney licensure
- Proof of standing to appear under both federal and Florida jurisdiction

To date, **no affidavit, certification, or response** has been provided. An attorney's license must be verifiable by proper authority, not **merely** by **State Bar** enrollment. See *People v. California Protective Corp.*, 76 Cal. App. 354 (1926).

**3. Violation of Rule 11 and Federal Ethical Standards**

Defendant's counsel has continued to file pleadings without attesting to his authority to appear — in violation of **Federal Rule of Civil Procedure 11(b),** which requires every filing to be signed in good faith and with proper legal basis. Counsel's continued

participation without verified standing constitutes **unauthorized practice** of law and raises **ethical** and **jurisdictional concerns.**

### 4. Obstruction of Plaintiff's Constitutional Rights

As a *Pro Se* litigant and a *crime victim with documented disabilities,* Plaintiff is entitled to full due process under the law. Obstruction through unauthorized legal filings, refusal to comply with basic jurisdictional requirements, and continued silence regarding attorney credentials violate:

- **42 U.S.C. § 1983** – Deprivation of civil rights under color of law
- **42 U.S.C. § 1985(2)** – Civil conspiracy to hinder court access or intimidate litigants

See ***Hagans v. Lavine,*** 415 U.S. 528 (1974) – Federal courts have jurisdiction to hear substantial constitutional claims unless patently frivolous.

## II. LEGAL BASIS AND ARGUMENT

### A. Foreign Agents Registration Act (FARA) – 22 U.S.C. §§ 611(b), 611(c)(1)(iv)

Under **FARA,** attorneys appearing in representational capacity for any foreign principal—directly or indirectly—must register with the **U.S. Department of Justice. 22 U.S.C. § 611** defines **"foreign principal"** to include foreign-controlled agencies and entities. **Subsection (c)(1)(iv)** requires registration before representation in any agency or court proceeding representing a foreign principal

"before any agency or official of the **Government of the United States.**"

Defendant's attorney has failed to produce or register under **FARA** registration or disclosure which makes such appearance **void ab initio,** undermines subject matter jurisdiction, and violates federal law. This **omission** renders his appearance unauthorized, and all actions taken therein **struck.** See also **United States v. McGoff, 831 F.2d 1071 (D.C. Cir. 1987).**

## B. Unauthorized Practice of Law – Florida Stat. § 454.23

Under **Florida Statute § 454.23**, it is a **third-degree felony** for any person to **practice law in Florida** without a license issued by the **Florida Supreme Court.** Defendant's **Attorney Ronnie S. Carter,** has produced no sworn **Oath of Office or** judicially issued license from the **Florida Supreme Court.** . His continued participation violates **§ 454.23,** the **Florida Attorney Act,** and the rules governing federal practice.

This Court should take judicial notice that a **BAR card is a private membership credential, not a license issued by a sovereign authority**. The **Florida Supreme Court** has exclusive authority to issue valid licenses to **practice law** in this state.

See **People v. California Protective Corp.**, 76 Cal. App. 354 (1926).

In **Sims v. Aherns,** 271 S.W. 720 (Ark. 1925), the court emphasized:

- "The practice of law is an occupation of common right."

In Schware v. Board of Bar Examiners, 353 U.S. 232 (1957), the U.S. Supreme Court held:

- "A state cannot exclude a person from the practice of law or from any other occupation in a manner or for reasons that contravene the **Due Process or Equal Protection Clause**."

## C. Deprivation of Rights Under Color of Law – 42 U.S.C. §§ 1983 and 1985

By continuing to participate without lawful authority, Defendant's counsel is depriving Plaintiff of her **right to a fair and lawful process,** in violation of **42 U.S.C. § 1983**. Furthermore, this obstruction — in concert with other actors — supports a claim for **civil conspiracy** to obstruct court access under **§ 1985(2)**.

## D. Rule 11(b), Federal Rules of Civil Procedure – Ethical and Legal Violations

**Rule 11(b)** requires that all filings be signed by an attorney with authority to appear, based in law and fact, and not presented for improper purposes. Defendant's attorney has filed multiple pleadings and motions without certifying his authority or providing proof of standing, violating both procedural and ethical rules.

## E. Judicial Oversight – Hagans v. Lavine & Marbury v. Madison

In **Hagans v. Lavine,** 415 U.S. 528 (1974), the **U.S. Supreme Court** reaffirmed that federal courts retain jurisdiction over constitutional claims unless wholly insubstantial or frivolous.

And as established in **Marbury v. Madison,** 5 U.S. 137 (1803), "**It is emphatically the province and duty of the judicial department to say what the law is.**"

This Court has the authority—and the obligation—to determine whether Defendant's counsel has standing to appear.

---

## F. Pro Se Litigant, Civil Rights Violations, and Missing Affidavit

Plaintiff appears *pro se,* as a **crime victim** with a documented disability, and has the right to fair and meaningful access to the courts. To date, opposing counsel continues to file motions and responses without a **sworn notarized affidavit**, contrary to standard verification practices under discovery rules. Their continued obstruction and procedural noncompliance violate Plaintiff's constitutional rights under **42 U.S.C. § 1983** (due process and equal protection) and 42 **U.S.C. § 1985** (conspiracy to obstruct justice). This pattern of evasion warrants disqualification and judicial enforcement.

---

## III. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court:

1. **Disqualify AUSA Ronnie S. Carter** from further participation in this case for lack of registration under FARA and failure to produce lawful credentials;
2. **Strike all filings, pleadings, and motions** submitted by unauthorized counsel;
3. **Compel Defendant's** counsel to produce:
- FARA registration disclosure
- Florida Supreme Court-issued licensure
- Sworn Oath of Office
4. And grant such other and further relief as this Court deems just, necessary, and equitable in the interests of justice and due process.
5. Declare that any **rulings, orders,** or **proceedings** that have occurred with **unauthorized counsel participation** are **void ab initio** pursuant to **Rule 60(b)(4).**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **17th day of June, 2025,** a true and correct copy of the foregoing **Motion to Disqualify for Unauthorized Practice, Failure to Register under FARA, and Lack of Jurisdiction** was served via **FedEx Mail** and/or the **Court's CM/ECF system** to:

- Ronnie S. Carter, Esq.

Assistant United States Attorney

**United States Attorney's Office**

300 North Hogan Street, Suite 700

Jacksonville, Florida 32202

**Email:** Ronnie.Carter@usdoj.gov

By: _____

/s/ **Michele Taylor**

Michele Taylor

*Pro Se Plaintiff / Crime Victim*

77317 Cobblestone Drive

Yulee, Florida 32097

**Phone:** (904) 536-6119

**Email:** m69way@aol.com