## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

MICHELE TAYLOR,

       Plaintiff,

v.                                                            Case No. 3:25-cv-255-TJC-PDB

UNITED STATES POSTAL SERVICE,
(USPS),

       Defendant.

_____

## O R D E R

Proceeding without counsel, plaintiff alleges that the post office mishandled a package she mailed when, after a postal employee initially delivered the package, the intended recipient refused it, the postal worker accepted the package and re-routed it for a return to plaintiff, who eventually received it, opened and damaged. See Doc. 1. Plaintiff sues the post office under the Federal Tort Claims Act for negligence, alleging she suffered emotional distress, loss of important evidence, and potential financial loss, seeking damages in excess of $100,000. Id.

The government moves to dismiss for lack of subject matter jurisdiction (Doc. 8), plaintiff responded (Doc. 10) and filed exhibits (Docs. 11, 15) in support of her response. Plaintiff then moved for leave to amend her complaint (Doc. 16) to include as an additional defendant the postal worker who allegedly

mishandled her package (now known only as John Doe).  The government opposes that motion as futile (Doc. 25) and plaintiff filed a reply (Doc. 31).

Plaintiff filed a number of other motions challenging the authority of the Assistant U.S. Attorney to represent the post office and opposing the government efforts to stay discovery pending decision on the motion to dismiss. See Docs. 12, 13, 17, 28, 33, 34, 37.

Upon review of all of these documents, the Court finds this case is due to be dismissed without prejudice for lack of subject matter jurisdiction.  While the Federal Tort Claims Act grants a waiver of sovereign immunity in certain cases, 28 U.S.C. § 1346(b), "the United States retains sovereign immunity for tort claims against it for 'loss, miscarriage, or negligent transmission' of the mails" pursuant to 28 U.S.C. § 2680(b).  Anderson v. United States Postal Service, 761 F.2d 527, 528 (9th Cir. 1985).  Thus, a tort claim for a mishandled package is barred by sovereign immunity.  See Dolan v. U.S. Postal Serv., 546 U.S. 481, 488-89 (2006) (explaining that Congress retained immunity from suit for claims related to personal or financial harms arising from nondelivery, late delivery, or negligent handling of mail); Johnson v. United States, 529 F. App'x 474 (6th Cir. 2013); Ins. Co. of N. Am. v. U.S. Postal Serv., 675 F.2d 756, 758 (5th Cir. 1982); Bishop v. United States Postal Serv., No. 3:24-cv-02266-RBM-AHG, 2025 WL 1929946 (S.D. Cal. July 14, 2025).

Plaintiff's attempts to avoid the negligence label or restate her claim as something else are to no avail—her claim is for the mishandling of mail and fits squarely within the retention of sovereign immunity under § 2680(b). Nor would the naming of the postal worker as an additional defendant change this; the government is the only proper defendant in an FTCA claim. <u>See</u> 28 U.S.C. § 2679(b)(1). There are no circumstances under which plaintiff would be able to state a claim related to this incident over which the Court could exercise subject matter jurisdiction.

Accordingly, it is hereby

**ORDERED**:

1.    Defendant's Motion to Dismiss (Doc. 8) is **GRANTED**.

2.    Plaintiff's Motion for Leave to Amend (Doc. 16) is **DENIED** as futile.

3.    This case is dismissed without prejudice for lack of subject matter jurisdiction.

4.    All other pending motions are terminated as moot and the Clerk shall close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 11th day of

September, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

s.
Copies:
Counsel of record
Pro se plaintiff